Augustin Rendon De Jesus SID#10842938
Pro Se
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| AUGUSTIN RENDON DE JESUS, AKA CONDE-GILL AGUSTIN, <br><br> vs.            Plaintiff, <br><br><br> UNITED STATES; JOHN DOE #1, U.S. Marshall; JOHN DOE #2, U.S. Marshall; Sued in their individual and official capacities. <br><br> Defendants. | Civil No. 6:26-cv-01374-SB _____ <br><br> **FEDERAL BIVENS CLAIM FOR CONSTITUTIONAL VOLATIONS** <br><br> **Trial by Jury Demanded** |

COMES NOW, Augustin Rendon De Jesus Reg# 62170-065, (Oregon Sid#10842938) plaintiff

pro se, who presents the following Federal Bivens claims for United States Constitutional violations

and claim for compensatory, declaratory, and injunctive relief as follows:

## I. INTRODUCTION

1. This is an action for money damages, declaratory, brought pursuant to 42 U.S.C. §§ 1983,

   Eight and Fourteenth Amendments to the United States Constitution, and under the Federal

Page 1 of 7 **Bivens Action**

laws of the United States against United States Government, as stated above in the caption, sued in their individual capacities, for acting with negligence to Plaintiff's known substantial risk of harm by failing to protect.

2.  This action places before the court a lawsuit involving the U.S. Marshalls employed by the United States Government. This complaint alleges that the U.S. Marshall during the transport of the plaintiff to the Federal Courthouse, Wayne L. Morse U.S. Courthouse located at 405 East Eight Ave. Eugene, OR. 97401 did not comply with appropriate policies while escorting the plaintiff subjecting him to serious bodily harm.

## II. PARTIES

3.  Plaintiff on or around December 6, 2023 was a prisoner in the custody of the United States Government via United States Marshalls.

4.  Defendant John Doe #1 at all times relevant to this complaint, defendant acted under Federal authority. He/She is hereby sued in his individual capacity, jointly and severally, for those acts and omissions described fully bellow.

5.  Defendant John Doe #2 at all times relevant to this complaint, defendant acted under Federal authority. He/She is hereby sued in his individual capacity, jointly and severally, for those acts and omissions described fully bellow.

## III. JURISDICTION AND VENUE

6.  Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C. § 1983, to

redress the deprivation of those rights secured by the United States Constitution, deprived by persons acting under color of state law. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

7. The United States District Court for the District of Oregon, in the County of Marion, city of Oregon, is the proper venue for the trial pursuant to 28 U.S.C. §1391 (b)(2); the County of Marion is where the events complained of have occurred.

## IV. PREVIOUS LAW SUITS

8. Plaintiff has never before filed a civil law suit, nor has there been previous litigation regarding any of the issues described in this complaint.

## V. STATEMENT OF FACTS

9. On or about December 6, 2023 while in custody of the United States via United States Marshal service and being escorted to Wayne L. Morse U.S. Courthouse located at 405 East Eight Avenue, Suite 1000, Eugene, OR. 97401while plaintiff was in belly and leg restraints.

10. While being escorted by two U. S. Marshalls (John Doe #1 and #2) under federal authority and exiting the elevator, the leg restraints got wedged in the opening of the floor of the elevator causing the plaintiff to fall forward face first striking his head just above his left eye and injuring his left shoulder, left knee and his left arm.

11. Plaintiff suffered approximately a two-inch gash above his left eye requiring four stitches, a contusion, injured his left and right shoulder with bilateral shoulder pain, a stiff neck and pain in his right shoulder and unable to raise left arm.

12. Progress notes from doctor's visit on 5/17/24 Two Rivers Correctional Institution (TRCI) indicated plaintiff left arm hangs at the side with slight crook at elbow, impaired gait.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff has timely exhausted all administrative remedies prior to filing this complaint. Plaintiff is in possession of multiple inmate communication forms (kytes), as well as copies of Grievance, Grievance first and second appeal to show he has been trying to get medical treatment and further has been trying to resolve this matter in a peaceful way. AQUI 5-30-18

## VII. CAUSE OF ACTION

### (Bivens Claim against - U.S. Marshalls, John Doe #1 and #2)
### Bivens Claim for Negligence

14. Plaintiff re-alleges all prior paragraphs as though fully set forth herein

15. At all relevant times, Plaintiff was in the custody of the United States through the Federal Bureau of Prisoners and under federal authority and supervision of Defendants U.S. Marshalls John Doe #1 and #2, who acted under color of federal authority and within the scope of their employment.

16. Plaintiff suffered from serious physical injuries, especially an approximately two-inch gash above his left eye, which posed significant risk to his health and required four stitches and ongoing medical treatment.

17. Defendants John Doe #1 and John Doe #2, U.S. Marshalls acted with negligent to plaintiff's health and safety violating plaintiff's rights, constituting cruel and unusual punishment

under the Eight amendment of the United States Constitution.

18. Defendants John Doe #1 and #2 were aware of Plaintiff was at risk of substantial harm, as plaintiff was shackled and hand cuffed with belly chains limiting his mobility to brace himself in case of a fall. Despite the knowledge, defendants acted with deliberate indifference to plaintiff's safety and security when they did not secure the plaintiff properly during transport as required by policy and procedure and any other applicable authority.

19. Specifically, **a)** Defendant John Doe #1and #2 acted with deliberate indifference in their duties when failing to properly secure the plaintiff while escorting the him out of an elevator causing the plaintiff's jump suit to wedge in the elevator's grate opening causing the plaintiff to fall forward face first onto the floor; **b)** defendant's deliberate indifference caused the plaintiff to suffer an approximate two-inch gash above his left eye requiring four stitches, a contusion, injured his left and right shoulder with bilateral shoulder pain, a stiff neck and pain in his right shoulder and unable to raise left arm; **c)** Defendants being properly trained and aware of the Federal Bureau of Prisons policies acted with deliberate indifference subjecting the plaintiff to substantial risk of harm by causing physical injury and continued pain and suffering.

20. The conduct of Defendants, John Doe #1 and #2 amounted to deliberate indifference to Plaintiff's safety and security in violation of the Eight Amendment to the United States Constitution, which protects incarcerated individuals from cruel and unusual punishment.

21. A as direct and approximate result of Defendants' deliberate indifference to Plaintiff's safety and security, plaintiff suffered significant physical harm, which has resulted in chronic pain, reduced mobility in his shoulders, and a prolonged recovery.

22. Defendants' actions, individually and collectively constituted a violation of Plaintiff's clearly established rights under the Eight Amendment to the United States Constitution for which they are liable under 42 U.S.C. 1983.

23. Plaintiff has suffered will continue to suffer physical, emotional, and economic damages as a result of Defendants' actions, including the cost of future medical treatment, therapy, and other related expenses.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter an order:

24. Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated Plaintiff's rights, and stating the defendant's duties with respect to those rights.

25. Awarding Plaintiff compensatory damages for the unnecessary injuries suffered while in the custody of the U.S. Marshalls (gash above his left eye) and consequential pain and emotional suffering, in an amount as yet to be deduced from the evidence, but in no event in an amount less than 200,000;00 and

26. Any other relief that this Court may deem just and proper.

27. Trial by Jury is hereby demanded on all claims allege herein, and the parties are hereby given notice pursuant to Fed R. Civ P. 38 (a)-(c).

*Agustín Rendon de Jesus*
Signature
Augustin Rendon De Jesus
Pro Se
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Augustin Rendon De Jesus, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this 6th, day of July 2026

*Agustin Rendon de Jesus*
Signature
Augustin Rendon De Jesus
Pro Se
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

**CASE NAME:** **Augustin Rendon De Jesus**        v. **United States Government et, al**

**CASE NUMBER:** (if known) _____ **N/A** _____

COMES NOW, **Augustin Rendon De Jesus**, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at **TRCI.**

That on the **6th,** day of **July,** 20**26.** I personally handed A TRUE COPY of the following documents to the Law Library Coordinator to be electronically filed to the U.S District Court: A Bivens Action Civil Complaint, *IN FORMA PAUPERIS,* Motion for appointment of counsel, Order to Proceed w/o Payment, Civil Cover Sheet and 6-month trust account.

Respectfully Submitted,

*Agustin Rendon de Jesus*
(Signature)
Augustin Rendon De Jesus
Pro Se
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

Page 7 of 7 **Bivens Action**